**UNITED STATES of America,**

v.

**David Anthony RUNYON, Defendant.**

**Criminal No. 4:08cr16.**

United States District Court,
E.D. Virginia,
Newport News Division.

Sept. 4, 2009.

Blair C. Perez, United States Attorney's Office, Norfolk, VA, Brian J. Samuels, Lisa Rae McKeel, United States Attorney's Office, Newport News, VA, for Plaintiff.

## *MEMORANDUM ORDER*

REBECCA BEACH SMITH, District Judge.

Pending before the court is the defendant's Motion for Extension of Time to file post-trial motions ("Motion"). (*See* Docket # 292.) For the reasons stated below, the court **GRANTS** the defendant's Motion, in part, and **DENIES** it, in part,

## I. PROCEDURAL BACKGROUND

This case proceeded in three phases of trial. In the first phase, the guilt/innocence phase, the jury decided whether the defendant, David Anthony Runyon, was guilty of the charges filed against him in the indictment. At the end of that phase, on July 15, 2009, the jury found the defendant guilty of three counts of a five-count

indictment: count one, conspiracy to commit murder for hire (18 U.S.C. § 1958(a)); count two, carjacking resulting in death (18 U.S.C. §§ 2119 and 2); and count five, murder with a firearm in relation to a crime of violence (18 U.S.C. §§ 924(j) and 2).[1] In the second phase, the eligibility phase, the jury decided whether the United States had shown the gateway intent factors and at least one statutory aggravating factor, pursuant to 18 U.S.C. § 3591 *et seq.*, the Federal Death Penalty Act ("FDPA"), thereby making the defendant eligible for the death penalty. The jury so found the defendant eligible for the death penalty on July 22, 2009.

Lastly, in the third phase, the selection/penalty phase, the jury decided whether the defendant should actually be sentenced to death, pursuant to section 3593(e) of the FDPA. On August 27, 2009, the jury unanimously recommended to the court a sentence of death on counts one and five, and a sentence of life imprisonment without the possibility of release on count two. The court ordered a presentence report,[2] and scheduled sentencing for December 4, 2009.[3]

In the Motion, the defendant requests the court to allow an extension of time to October 19, 2009, to file post-trial motions, pursuant to Rule 29 of the Federal Rules of Criminal Procedure.[4] The defendant contends that such an extension is necessary to "allow counsel for the Defendant sufficient time to review and research to determine what, if any, post-trial motions are necessary," and that such an extension would not prejudice the United States or negatively impact the sentencing date of December 4, 2009. (Motion 1.)

On September 1, 2009, the United States filed a Response of United States to Defendant's Motion for Extension of Time ("Response"), opposing the Motion on two grounds. First, the United States argues that, by its very terms, Rule 29 is inapplicable to sentencing conducted under the FDPA. Consequently, there is no basis for the defendant to file any post-trial motions with regard to the jury's unanimous sentence recommendation. Second, the Unit-

---

1. Count three, bank robbery resulting in death (18 U.S.C. §§ 2113(a)(e) and 2), was dismissed at the close of the United States' case-in-chief. The jury found the defendant not guilty on count four, conspiracy to commit robbery affecting commerce (18 U.S.C. § 1951(a)).

2. The presentence report was ordered for the Bureau of Prisons to have the necessary background information on the defendant and his convictions, not for the purpose of any sentencing guidelines calculations or recommendations. *See infra* note 3.

3. Title 18 U.S.C. § 3594 states that "[u]pon a recommendation under section 3593(e) that the defendant should be sentenced to death or life imprisonment without possibility of release, the court shall sentence the defendant accordingly."

4. Though the defendant does not explicitly state in the Motion that any post-trial motions

he might file would pertain only to the penalty phase, the court would so limit any post-trial motions. The defendant had an opportunity to, and did in fact, file Rule 29 motions during the guilt/innocence phase of this trial. The defendant filed a motion to dismiss counts two and three of the indictment on July 14, 2009, pursuant to Rule 29(a). The court granted the motion as to count three and denied it as to count two on July 15, 2009. On July 17, 2009, after the jury returned its verdict on the remaining counts, the court denied the defendant's motion to set aside the verdict, pursuant to Rule 29(c). No motions or objections were made as to the eligibility phase of trial, which was both commenced and completed on July 22, 2009. That phase consisted only of arguments by counsel to the jury, based on the evidence presented at the guilt/innocence phase of trial, with the resulting eligibility verdict that same day. Therefore, any new motions pertaining to the guilt/innocence trial phase, or to the eligibility trial phase, would be untimely.

ed States asserts that the court is without power to consider post-trial motions after the selection phase of trial, because the court has no discretion in deciding whether to impose the jury's unanimous sentence recommendation.[5] Finally, even if the court finds that the defendant could properly make post-trial motions pertaining to the sentencing verdict, an extension until October 19, 2009, would be too long and may negatively affect the sentencing date.

## II.  DISCUSSION

■ Federal Rule of Criminal Procedure 1 extends the application of all the Federal Rules of Criminal Procedure (collectively referred to as "the Rules") to all criminal proceedings in the courts of the United States, without distinguishing the selection/penalty phase in a death penalty trial. Indeed, though Rule 1(a)(5) does specifically make the Rules inapplicable to certain proceedings, nowhere in the Rules does it state that they are inapplicable to the selection/penalty phase in a FDPA case. Moreover, unlike 18 U.S.C. § 3593(c) of the FDPA, which abrogates the Federal Rules of Evidence, no provision in the FDPA abrogates the Federal Rules of Criminal Procedure. However, Rule 29, on which the defendant bases his motion, by its very terms, only applies to the guilt/innocence phase of trial. *See* Fed.R.Crim.P. 29(a)-(c). Specifically, Rule 29(a) allows the court to enter a "judgment of acquittal," if the evidence at trial was "insufficient to sustain a conviction." Fed. R.Crim.P. 29(a). Similarly, Rule 29(b) and (c) discuss actions the judge may take after the jury returns a guilty verdict or after the jury is discharged. *See* Fed. R.Crim.P. 29(b) and (c). Questions of "acquittal," "conviction," or "guilty verdict" are inapposite to a sentencing hearing, thereby confining the applicability of Rule 29, by its very terms, to the guilt/inno-

cence phase of the trial. Accordingly, the United States' argument on the applicability of Rule 29 is correct.

■ On the other hand, the court does not agree with the United States' position that, because the Rules are silent on a judge's authority to review a sentencing verdict in an FDPA case, the court lacks such reviewing authority at the behest of a post-trial motion. The fact that the Rules omit explicit reference to the court's power to entertain post-trial motions after the selection/penalty phase does not render the court powerless. The Rules do explicitly state that when there is no controlling law on an issue, "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed.R.Crim.P. 57(b). In that sense, the court retains its inherent powers to allow the defendant to file post-trial motions regarding the sufficiency of the evidence, even where no explicit rule or law provides such an opportunity. *See Carlisle v. United States,* 517 U.S. 416, 425–26, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996)(noting that "federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress," but holding that such inherent authority did "not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure")(citing *United States v. Hasting,* 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983)); *see also United States v. Sampson,* 335 F.Supp.2d 166, 200 (D.Mass.2004) ("The fact that Rule 29 does not cover the penalty phase of a capital case does not mean that the defendant is left without protection against a judgment based on insufficient evidence. The court has the inherent power to evaluate the sufficiency of the evidence against a defendant. Use of such power by application of

5. *See supra* note 3.

the Rule 29 standard is not inconsistent with any of the Federal Rules of Criminal Procedure."); *United States v. Beckford,* 962 F.Supp. 748, 754, 756 (E.D.Va.1997)(rejecting as contrary to Rule 57(b) the argument that judicial authority to act applies only where a specific federal rule so authorizes and noting that "courts historically have invoked inherent judicial powers" to address situations where the Rules were silent or inapplicable and to craft solutions to those situations)(collecting cases).

Similarly, the fact that the FDPA requires the court to impose the jury's sentencing verdict does not mean the court acts inconsistently with federal law, if the court allows the defendant to file post-trial motions. The United States argues that because there "is no described mechanism in [the FDPA] for challenging the return of the jury's recommendation," the court cannot allow the defendant additional time to challenge the jury's verdict. (Response 2); *see* 18 U.S.C. § 3594 (quoted herein at *supra* note 3). In effect, the United States' argument does not rest upon the defendant's request for an *extension,* but stands for the *per se proposition* that it is *contradictory to the FDPA to allow the court to review the jury's findings for any reason.* While the statute does not provide the court discretion to impose a *contrary verdict,* the statute does not necessarily prevent the court from *vacating* the jury's verdict where the verdict is improperly reached.[6] The gist of the matter is that "there is no provision [in the Rules or in the FDPA] that directly or indirectly addresses the issue of a trial court's evaluation of the sufficiency of the evidence at

the penalty phase of an FDPA prosecution[,]" or any other impropriety in the jury's verdict. *Sampson,* 335 F.Supp.2d at 200. Consequently, it is not improper for this court to allow the defendant to submit post-trial motions to challenge the sufficiency of the evidence. *See Beckford,* 962 F.Supp. at 756.

The United States' position, taken to its logical extreme, would leave a defendant with no post-trial remedy, other than appeal,[7] for correction of potentially obvious, prejudicial error during the selection/penalty phase, and would leave the trial court with no opportunity to address error in a proceeding before it. The court finds no law supporting this position and finds that such a position does not comport with reason, due process, or the traditional powers of the federal courts. This court will not abandon its inherent powers, especially in a case such as this where the gravity of the selection/penalty phase beseeches the court to ensure the defendant the fullest and fairest procedures.

## III. CONCLUSION

For the reasons stated above, the court finds that it does have the authority, under Rule 57(b) and the court's inherent powers, to entertain post-trial motions after the selection/penalty phase of a FDPA case. Moreover, the court finds that an extension of time in a case such as this is not unreasonable. However, an extension to October 19, 2009, is too long, given that the defendant's review and research is confined to any purported errors in the penalty phase,[8] which consisted of only four

---

**6.** Indeed, 18 U.S.C. § 3595 gives the court of appeals the power to review the entire record to determine whether the evidence was sufficient to sustain a jury's verdict. It would make sense, therefore, that the defendant be allowed to raise that issue and similar issues through post-trial motions, preserving those

issues for appeal. *See Sampson,* 335 F.Supp.2d at 201 (concluding the same).

**7.** *See supra* note 6.

**8.** *See supra* note 4.

days of evidence, half of which was presented by the defendant.

Accordingly, the court **GRANTS** the defendant's Motion for an extension of time to file post-trial motions, but **DENIES** the length of time requested. All post-trial motions pertaining to the selection/penalty phase of trial shall be filed no later than October 1, 2009, which is five weeks following the jury's verdict in this phase. Any response by the United States shall be filed on or before October 15, 2009, and any reply by the defendant shall be filed on or before October 22, 2009. No further extensions will be granted, absent exceptional circumstances.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**